

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 4, 1948

The Board of Pardons and Paroles,
Austin, Texas

Attention: Hon. Abner L. Lewis, Chairman

Opinion No. V-561

Re: Authority of the Board of
Pardons and Paroles to
recommend a reprieve for
release of a prison inmate
to the Veterans Administra-
tion for medical attention
under the facts submitted.

Gentlemen:

Your request for an opinion by this office upon the above titled subject matter is as follows:

"The above named subject was received in the penitentiary of Texas on October 16, 1944 under a sentence of ten years for the offense of burglary and attempting to pass a forged instrument. His convictions came from Houston, Madison, Walker, and Tom Green Counties, most of which were concurrent sentences making a total of ten years.

"He was evidently lead by ex-convicts into committing these offenses.

"The subject is now eligible to clemency on time served.

"Application is made to the Board of Pardons and Paroles by the Veterans Affairs Commission through Mr. Charles L. Morris, Assistant Director, for some type of clemency which will permit releasing the subject from the penitentiary of Texas and transferring him to the Veterans Administration at Waco, Texas for surgical attention which has been occasioned by a

compound fracture of the skull while in the U-
nited States Navy during World War II. He is
now suffering from a condition described by
Dr. C. A. Shaw, prison psychiatrist as:

A. Symptons--Confused, depressed, dis-
oriented as to time, place and person. Out of
contact with reality. Delusions of persecution.
Noisey and destructive and has grand mal seiz-
ures (from one to three daily),

B. Physical Findings--Skull fracture, right
occipital area.

C. Diagnosis--Epilepsy, post-traumatic, with
psychosis.

D. Recommendation--That examinee have surgi-
cal attention immediately.

We enclose herein a copy of the recommendation of
Dr. M. D. Hanson, medical director, and Dr. Shaw,
prison psychiatrist, which indicates that this
subject will require institutional care for an in-
definite period, perhaps for the remainder of his
life.

"Mr. Morris of the Veterans Affairs Commis-
sion has made satisfactory arrangements with the
Veterans Administration at Waco to accept this
subject, if and when the Governor issues his proc-
lamation granting some character of clemency pro-
viding that the subject will not have to report to
any authority of the State of Texas.

"The Veterans Administration will not accept
responsibility as to the confinement of the veter-
an, but has agreed to notify the Board if he
should escape or at time of discharge from the Vet-
erans Administration Hospital. This situation is
likewise a condition that exists with reference to
10 or 15 persons in the penitentiary, both veterans
and non-veterans.

"1. The Board of Pardons and Paroles requests
an opinion from the Attorney General of Texas as to

whether or not we would have a right to take jurisdiction of the subject's case and recommend a reprieve of six months and release the subject from reporting in order that this surgery might be accomplished in the Veterans Administration Hospital at Waco, the relatives to provide for his safe delivery to said institution.

"2. In view of the fact that the Assistant Director indicates that it may mean possibly the difference in the life and death of this veteran inmate and further in view of the fact that Dr. Hanson and Dr. Shaw indicate that at the present time he is definitely psychotic or insane, we request an opinion in the nature of an emergency opinion in order that we may act quickly and thus perhaps save the subject's life."

The urgency of the situation presented by the letter of your Chairman prompts us to set forth the letter in full and to state our conclusions succinctly without taking the time to elaborate or cite authorities for the principles of law involved.

Section 11 of Article IV of the Constitution as adopted November 3, 1936, authorizes the Governor in any criminal case except treason and impeachment, "after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment. . . ."

There are no limitations or qualifications contained in the Constitution upon this power to grant reprieves and commutations of punishment, nor is there any statutory limitations or qualifications so far as our search has disclosed other than the constitutional one that such clemency must be made only upon the advice of the Board of Pardons and Paroles in the manner above quoted.

It is the opinion of this office, therefore, that your Board does have jurisdiction to recommend to the Governor the granting of clemency - a reprieve or commutation, or reprieve and commutation of punishment for such reasonable time and for such purpose on such condition as the Board or a majority thereof shall advise and recommend in the light of all the information possessed by the Board.

## SUMMARY

The Board of Pardons and Paroles has jurisdiction to recommend to the Governor a reprieve or commutation of punishment of an inmate of the State Prison at Huntsville for such length of time, and for such purpose, and upon such conditions as the Board or a majority of its members may recommend to the Governor.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*

Ocie Speer.
Assistant

OS:wb

APPROVED:

*Price Daniel*

ATTORNEY GENERAL